UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

'07 CIV 9358

------------------------------------------------------------- x

DEWIGHT BROOKS,

                                 Plaintiff,

                -against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION COMMISSIONER
MARTIN F. HORN, JOHN DOE CORRECTION
EMPLOYEES ## 1-10,

                                 Defendants.

Docket No.

**COMPLAINT AND
JURY DEMAND**

------------------------------------------------------------- x

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from misconduct which initially occurred on approximately October 19, 2006, and continued through approximately October 24, 2006, in which Correction Officers and/or employees of the New York City Department of Correction ("DOC"), acting under color of state law, with deliberate indifference subjected plaintiff to, inter alia, false imprisonment after any lawful detainers on plaintiff had already been lifted.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Staten Island, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. DOC Commissioner Martin F. Horn is, and at all times here relevant was the DOC Commissioner, and, as such, is a policy-maker with respect to the training, supervision, and discipline of DOC employees. The Commissioner's principal place of business is 60 Hudson Street, New York, New York, 10013. The Commissioner is sued in his individual and official capacities.

10. John Doe Correction Employees ##1-10 ("the officers") are correction officers and captains who had contact with plaintiff or his case during his incarceration. They are sued in their individual and official capacities.

11. At all times here mentioned defendants were acting under color of state law, to

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12. On approximately September 29, 2006, plaintiff was arrested in Brooklyn, and arraigned in Kings County Criminal Court on docket #2006KN067546. He was held on that docket on a fugitive warrant from Pennsylvania.

13. In fact, plaintiff had previously been arrested and held for 90 days in New York County on the very same fugitive warrant, under docket #2004NY093901. When Pennsylvania authorities declined to extradite plaintiff, the governor of New York State did not sign an extension of plaintiff's warrant, pursuant to New York Criminal Procedure Code §570.00, and plaintiff was mandatorily released.

14. By October 19, 2006, the information in paragraph 13, above, had been relayed to the Office of the Kings County District Attorney, as well as to the New York State Supreme Court, Kings County, part AP1F. There and then, the extradition matter against defendant was dismissed, and the Supreme Court ordered the New York City Department of Correction, through a "cut slip", to release plaintiff.

15. Despite the dismissal of the matter, and the cut slip, the New York City Department of Correction refused to release plaintiff, and continued to hold him on the Pennsylvania warrant.

16. On October 23, 2006, on an order to show cause, Justice William Garnett ordered the New York City Department of Correction to release plaintiff, citing Ex rel Linaris v. Weizenecker, 89 Misc. 2d 814 (Putnam Co. 1977).

17. Despite the order of Justice Garnett, plaintiff was not released until late in the day

3

on October 24, 2006.

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of his person;

b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution,

c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law,

d. Emotional trauma and suffering, including fear, emotional distress, frustration, extreme inconvenience, and anxiety;

e. Unlawful deprivation of liberty;

f. Attorney's and court fees.

g. Physical pain and suffering.

### FIRST CAUSE OF ACTION
(42 USC §1983)

19. The preceding paragraphs are here incorporated by reference.

20. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

21. Defendants' conduct deprived plaintiff of his rights to be free from unreasonable seizure, and to due process of law, pursuant to the Fourth and Fourteenth Amendments to the

4

United States Constitution, by failing to release him despite having actual notice of the unlawful nature of his detention. Defendants intended to confine plaintiff, plaintiff was conscious of the confinement and did not consent to it, and the confinement was not otherwise privileged.

22. Plaintiff has been damaged as a result of defendants' wrongful acts in an amount to be reasonably determined by a jury.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

23. The preceding paragraphs are here incorporated by reference.

24. Defendant New York City is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants and the others whose names are currently unknown.

25. Defendant New York City knew or should have known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

26. The aforesaid event was not an isolated incident. The City of New York has been aware for some time from lawsuits and notices of claim and complaints filed that many of its correction officers and employees are insufficiently trained on the need to investigate extradition holds and whether inmates have previously been held on the same holds. Additionally, the City has inadequate policies of dealing with extradition warrants and holds, erring on the side of unlawfully detaining individuals rather than risking releasing them against a demanding state's wishes. The City is further aware that such improper training and policies has often resulted in the unlawful detention of citizens. Despite such notice, the City has failed to take corrective action. This failure caused John Doe ##1-10 in the present case to violate plaintiff's civil rights.

27. Defendant New York City has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this

case of misconduct.

28. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

29. Defendant City of New York has damaged plaintiff by its failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving the misconduct of its officers and employees.

30. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant New York City in an amount to be reasonably determined by a jury.

### THIRD CAUSE OF ACTION
### (FALSE IMPRISONMENT)

31. The above paragraphs are here incorporated by reference.

32. Defendants intended to confine plaintiff.

33. Plaintiff was conscious of his confinement, and did not consent to the confinement.

34. The confinement was in no way privileged.

35. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant New York City in an amount to be reasonably determined by a jury.

### FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

36. The above paragraphs are here incorporated by reference.

37. Defendants knew or reasonably should have known that plaintiff had already been held the maximum time allowed under the Pennsylvania warrant/ detainer. Nevertheless,

defendants continued to unreasonably and negligently detain plaintiff.

38. Defendants owed plaintiff a duty of care to protect him from being kept in custody when he should have been released. Defendants breached that duty of care when they failed to release him after a court order to do so.

39. Defendant's breach of their duty of care proximately caused plaintiff to remain in custody approximately an additional 5 days, and defendant suffered harm as a result; this action falls within one of the exemptions and/or exceptions set forth in NY-CPLR §1602.

40. Plaintiff was damaged by defendants' negligence in the amount to be determined by a jury.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be reasonably determined by a jury for each of plaintiff's Causes of Action;

B. Awarding plaintiff punitive damages in an amount to be reasonably determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         October 18, 2007

New York City
New York City Law Department
100 Church Street, 4th floor
New York, NY 10007

Commissioner Martin F. Horn
New York City Department of Correction
60 Hudson Street
New York, NY 10013

Yours, etc.,

STOLL, GLICKMAN & BELLINA, LLP
by Andrew B. Stoll (AS8808)
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com