UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DEWIGHT BROOKS,

             Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION COMMISSIONER
MARTIN F. HORN, JOHN DOE CORRECTION EMPLOYEES
## 1-10,

             Defendants.
------------------------------------------------------------------------x

**ANSWER**

07 CV 9358 (RJS)

JURY TRIAL DEMANDED

    Defendants City of New York and New York City Department of Correction Commissioner Martin F. Horn ("defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:

    1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

    2. Deny the allegations set forth in paragraph "2" of the complaint.

    3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

    4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to bring this action and to invoke the pendent and supplementary jurisdiction of the Court as stated therein.

    5. Deny the allegations set forth in paragraph "5" of the complaint.

    6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit the City of New York is a municipal corporation.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Martin F. Horn is the Commissioner of the New York City Department of Correction and that plaintiff purports to sue him in his individual and official capacities.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint regarding John Doe Correction Employees.

11. Paragraph "11" of the complaint contains conclusions of law rather than averments of fact and accordingly requires no response. To the extent a response is required, defendants deny the allegations.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was arrested on or about September 29, 2006.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that on or about October 23, 2006, Justice William Garnett ordered plaintiff released from custody.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, including all subparts.

19. In response to the allegations set forth in paragraph "19" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "18" inclusive of this answer, as if fully set forth herein.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" inclusive of this answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "30" inclusive of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "35" inclusive of this answer, as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

41.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

42.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44.    Defendant Horn has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45.    Plaintiff may have failed to comply with the conditions precedent to suit under State Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. At all times relevant to the incident defendants acted reasonably, in the proper, lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

48. At all times relevant to the acts alleged in the complaint, defendants City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

49. This action may be barred in part for plaintiffs' failure to comply with the conditions precedent to suit.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

50. Commissioner Martin F. Horn was not personally involved in the alleged incident.

**WHEREFORE**, defendants City of New York and New York City Department of Correction Commissioner Martin F. Horn request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 1, 2008

                                     MICHAEL A. CARDOZO
                                     Corporation Counsel
                                     City of New York
                                     Attorney for Defendants
                                     100 Church Street, Room 3-196
                                     New York, New York 10007
                                     (212) 788-1580

By: _____
       Suzette Corinne Rivera
       Special Federal Litigation Division

To:    Andrew Stoll
       Stoll, Glickman & Bellina, LLP
       *Attorney for Plaintiff*
       71 Nevins Street
       Brooklyn, NY 11217

Index No. 07 CV 93 (RJS)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

DEWIGHT BROOKS,

                            Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF CORRECTION COMMISSIONER MARTIN F. HORN, JOHN DOE CORRECTION EMPLOYEES ## 1-10,

                            Defendants

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*

*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Suzette Corinne Rivera*

*Tel: (212) 788-9567*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................... ,2007*

*........................................................................... Esq.*

*Attorney for City of New York*